## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SAMUEL D. PECK, individually and as
Representative of a Class of Participants and
Beneficiaries of the Munson 403(b) Plan,

*Plaintiff*,

     v.

MUNSON HEALTHCARE

 and

THE BOARD OF DIRECTORS OF
MUNSON HEALTHCARE,

 *Defendants*.

Case No. 1:22-cv-00294

Judge Paul L. Maloney

### MUNSON'S OPPOSITION TO PLAINTIFF'S MOTION FOR SURREPLY[1]

Munson opposes Plaintiff's Motion For Leave to File Surreply arguing that *Albert v. Oshkosh Corp.* is "inapplicable" because the attached Surreply does not assist the Court in deciding Munson's Motion to Dismiss. 2022 WL 3714638 (7th Cir. Aug. 29, 2022); ECF No. 13 (Motion to Dismiss); ECF No. 21 (Motion for Leave to File Surreply) ECF No. 21-1 ("Surreply"). If anything, Plaintiff's proposed surreply merely reinforces the importance of *Oshkosh* to this case.

---

[1] Unless otherwise noted, this opposition adopts and incorporates the abbreviations and defined terms used in Munson's Memorandum of Law. *See* ECF No. 14, PageID.212-233.

As a threshold matter, parties are not entitled to file a new brief every time a new decision comes out, otherwise, briefing would never end. Yet Plaintiff's Counsel repeatedly files surreplies to get the last word. *See, e.g., Albert v. Oshkosh Corp,. et al.*, 1:20-cv-00901-WCG, ECF No. 34 (E.D. Wisc. Nov. 19, 2020) (motion for leave to file surreply); *Woznicki v. Aurora Health Care Inc., et al.*, 2:20-cv-01246-BHL, ECF No. 28 (E.D. Wisc. Feb. 17, 2021) (same); *Soulek v. Costco Wholesale Corp., et al.*, 1:20-cv-00937-WCG, ECF No. 31 (E.D. Wisc. Nov. 30, 2020) (same); *Case v. Generac Power Systems, Inc., et al.*, 2:21-cv-01100-PP, ECF No. 62 (E.D. Wisc. Feb. 9, 2022) (same). And just as the court in *Oshkosh* granted defendants' motion to dismiss despite Plaintiff's counsel's surreply, the "three primary reasons" for Plaintiff's proposed surreply here do not change the outcome. Surreply at 2, PageID.296.

*First*, Plaintiff claims that Munson argued that "Seventh Circuit law applies in the Sixth Circuit." *Id*. Munson did no such thing. Rather, Munson explained that the *Oshkosh* panel believed that upholding the dismissal of plaintiff's claims was fully consistent with Sixth Circuit precedent in *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022), and *Forman v. TriHealth*, *Inc.* 40 F.4th 443 (6th Cir. 2022). *See, e.g.,* Reply Brief at 7, PageID.272 ("For the reasons discussed in Munson's opening brief and below, this Court should follow Sixth Circuit precedent and the Seventh Circuit's lead in dismissing the Complaint with prejudice."). In other words, Munson argued that *Oshkosh* is persuasive authority demonstrating that Plaintiff has failed to state a claim, particularly because the allegations in *Oshkosh* and this case are nearly identical.

*Second*, Plaintiff's paragraph about share classes simply repeats his opposition argument, except to argue *TriHealth* and *Oshkosh* have "share class reasoning" that is "substantially different." Surreply at 3, PageID.297. Not so. *Oshkosh* rejected identical share class allegations brought by the same Plaintiff's counsel, distinguishing *the allegations* in *Oshkosh* from *the*

*allegations* in *TriHealth*. 2022 WL 3714638 at *6 n.6. (finding that *TriHealth* involved a claim that the *Oshkosh* plaintiff "does not raise here: that plan fiduciaries should have offered institutional share classes instead of retail share classes of certain investment options"). The Seventh Circuit agrees with *TriHealth*, and the "share class reasoning" in the cases are aligned— both calling for the rejection of Plaintiff's share class allegations here.

*Third*, Plaintiff's counsel argues that his recordkeeping allegations here are different than his in *Oshkosh* because here he alleges "facts the fee charged by the plan recordkeeper is excessive in relation to the services provided." *Id.* at 4, PageID.297. But, as Plaintiff's counsel's filings demonstrate, the recordkeeping allegations that the Seventh Circuit rejected in *Oshkosh* are substantially similar to those in this case. *See, e.g.,* Brief of Plaintiff-Appellant at 36, *Albert v. Oshkosh Corp.*, Case No. 21-2789,  (7th Cir. Mar. 7, 2022) ECF No. 27. ("Mr. Albert did allege numerous facts as to both what would constitute a reasonable fee and did suggest that the fee charged by Fidelity was *excessive in relation to the services provided* given what Fidelity and other comparator plans paid for the same services.") (emphasis added). Indeed, on the same day he filed his Surreply, he filed a Petition for Panel Rehearing in *Oshkosh*, which makes the similarities of the recordkeeping allegations in the two cases abundantly clear:

| Plaintiff's Counsel's Petition for Panel Rehearing in *Albert v. Oshkosh* | Surreply in *Peck v. Munson* |
|---|---|
| "In all, these allegations plausibly establish, or at a minimum create a plausible inference that, the same/similar recordkeeping services provided to the Plan by Fidelity were available during the Class Period to Oshkosh at the same level of service by both Fidelity itself and by other recordkeepers, including Voya, Great-West, and Vanguard." ECF No. 53 at 11. | "In all, these allegations plausibly establish, or at a minimum create a plausible inference that, the same/similar recordkeeping services provided to the Plan by Transamerica were available during the Class Period to Munson at the same level of service by Transamerica itself and by other recordkeepers, including ADP, Fidelity, T. Rowe Price, Great-West, and Voya." Surreply at 4, PageID.298. |

.[2] Just as the recordkeeping allegations were dismissed in *Oshkosh* (looking to Sixth Circuit precedent), so too should they be dismissed here.

Dated: September 14, 2022

Respectfully submitted,

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
jeremy.blumenfeld@morganlewis.com

Sari M. Alamuddin
Samuel D. Block
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606
Telephone: 312.324.1000
sari.alamuddin@morganlewis.com
samuel.block@morganlewis.com

*Attorneys for Defendants*

---

[2] Plaintiff also argues that this Court cannot consider an exhibit copying a publicly filed chart in another case. Of course, the Court can take judicial notice of other court filings, and how other courts have addressed them. *See Plassman v. City of Wauseon,* No. 95-3736, 85 F.3d 629, *3 (6th Cir. May 14, 1996) (holding that "any federal court may take judicial notice of the proceedings in other courts of record"); *Nouri v. Manzella*, 17-CV-12322, 2018 WL 1089538, at *3 n.3 (E.D. Mich. Feb. 26, 2018) ("The Court may take judicial notice of the additional court filings submitted by the parties as they are matters of public record.").

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF, which will send notification to all counsel of record.

<u>/s/</u> Jeremy P. Blumenfeld