UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL D. PECK, individually,
and as Representative of a Class
of Participants and Beneficiaries
of the Munson 403(b) Plan,

      Plaintiff,                           Case No. 1:22-cv-00294-PLM-PJG

MUNSON HEALTHCARE et al.,

      Defendants

## ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendants Munson Healthcare the Board of Directors of Munson Healthcare, ("Defendants") in connection with the management of the Munson 403(b) Plan.

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated May 11, 2022, executed by Class Counsel and Defendants' Counsel. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

    A. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

    C. Class Counsel and the Class Representatives have submitted declarations in support of the Settlement; and

    D. Considering the relevant Sixth Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing will be held on **September 25, 2023, at 9:00 a.m., in Courtroom 174, 410 W. Michigan Ave., Kalamazoo, Michigan, 49007**, before the undersigned, to determine, among other issues:

    A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    B. Whether the Court should enter the Final Approval Order, and

    C. Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

3. **Settlement Administrator:** The Court approves and orders that Analytics shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

    A.    The Settlement Administrator shall be bound by any non-disclosure or security protocol jointly required by the Parties, set forth in writing to the Settlement Administrator.

    B.    The Settlement Administrator shall use the data provided by Defendants and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

    C.    The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4.** **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. Excluded from the Class are: Amy Tennis, Mark Helper, Peter Marinoff, Lori Whilden, Mark Deponio, Sue Peters, Mike Zdrodowski, Bob Courtois, Darrell Lavender, Ellen Smith, Alicia Maitland, and Mary Clulo.

The Court appoints Samuel D. Peck as representative for the Settlement Class. Further, the Court appoints Walcheske & Luzi, LLC and Haney Law Office, P.C. as counsel for the Settlement Class.

**5.** **Class Notice**: The Parties have presented to the Court the Notice, which is the proposed form of notice regarding the Settlement for and emailing and mailing to Class Members.

    A.    The Court approves the text of the Notice and finds that the proposed form and content therein fairly and adequately:

        i.    Summarize the claims asserted;

    ii.    Describe the terms and effect of the Settlement;

    iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

    iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

    v.    Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation.

B.    Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Notices and mailing the Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

C.    The Settlement Administrator shall send by electronic mail (if available) or first class mail the appropriate Notice to each Class Member within forty-five (45) calendar days of the date of this Preliminary Approval Order, as specified in the Settlement Agreement, based on data provided by the Plans' recordkeeper. The Notices shall be mailed by electronic mail (if available) or first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plans' recordkeeper, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and re-mail such documents one additional time.

    D. Current Participants will have their settlement payments credited to their Plan accounts, while Authorized Former Participants will receive their settlement payment via check pursuant to the approved Plan of Allocation, set out as Exhibit C to the Settlement Agreement.

    E. On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement.  The Settlement Administrator shall post a copy of the Notice on the Settlement Website.

  6. **Attorney Fees**:  Any motion for attorney fees and costs shall be filed within twenty-eight (28) days of the date of this order.

  7. **Objections to Settlement**: Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel.  To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

  8. **Responses to Objections and Final Approval Motion**:  Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiff shall file his Motion for Final Approval at least fourteen (14) calendar days before the Fairness Hearing.

  9. **Continuance of Hearing:**  The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

10. **CAFA Notices**:  The Court approves the form of the CAFA notices attached as Exhibit E to the Settlement Agreement and orders that upon the mailing of the CAFA notices, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1711, *et seq.*

**IT IS SO ORDERED.**

Dated:  May 16, 2023                                         /s/  Paul L. Maloney
                                                            Hon. Paul L. Maloney
                                                            United States District Judge