UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SAMUEL D. PECK, individually,
and as Representative of a Class
of Participants and Beneficiaries
of the Munson 403(b) Plan,

      Plaintiff,                          Case No. 1:22-cv-00294-PLM-PJG

MUNSON HEALTHCARE et al.,

      Defendants

---

### DECLARATION OF PAUL M. SECUNDA IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Paul M. Secunda, declare and state as follows:

1. I am a partner at Walcheske & Luzi, LLC ("Walcheske & Luzi"), and am one of the attorneys of record for Plaintiff in the above captioned action. I respectfully submit this declaration in support of the accompanying Motion for Final Approval of Class Action Settlement.

2. For the reasons stated in my declaration in support of preliminary approval of the Settlement *(Dkt. 38),* and for the additional reasons set forth herein, I believe that the Settlement is fair, reasonable, and adequate.

#### Report of the Independent Fiduciary

3. Pursuant to Prohibited Transaction Exemption 2003-39 (PTE 2003-39) and Paragraph 21 of the Settlement Agreement (*Dkt. 18-1*), an Independent

3

Fiduciary (Fiduciary Counselors Inc.) reviewed the Settlement on behalf of the Plans. As part of this review, the Independent Fiduciary personally discussed the Settlement with me (and separately with defense counsel) by telephone, and subsequently issued a report after the review. A true and correct copy of the report is attached hereto as **Exhibit 1**. In the report, the Independent Fiduciary affirmed, among other things, that: (1) "[t]he Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone," *id.* at 1; (2) "[t]he terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances," *id.*; and (3) "[t]he transaction is not part of an agreement, arrangement or understanding designed to benefit a party in interest." *Id.* Accordingly, the Independent Fiduciary confirmed that "[b]ased on these determinations about the Settlement, Fiduciary Counselors hereby approves and authorizes the Settlement on behalf of the Plan in accordance with PTE 2003-39." *See id.*

**Reaction of the Class to the Settlement**

4.  The reaction of the Class to the Settlement also has been favorable. The period to object to the Settlement pursuant to the Preliminary Approval Order ended September 20, 2023. *See Dkt. 41, ¶8.* As of the date of this Declaration, there

4

have been no objections to the Settlement from 12,198 Class Members who were sent a Notice of Settlement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2023         s/*Paul M. Secunda*
                                  Paul M. Secunda

## CERTIFICATE OF SERVICE

     I hereby certify that on September 20, 2023, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: September 20, 2023         s/Paul M. Secunda
                                                Paul M. Secunda